UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| David A. McCoy II, Jeffrey M. Johnson, Sr., | Court File No. 25-cv-00054 (JRT/DTS) |
| Plaintiffs, | |
| vs. | |
| Bob Jacobson, in his official capacity as the Commissioner of the Minnesota Department of Public Safety, | **RULE 26(f) REPORT** |
| Defendant. | |

The parties/counsel identified below conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules, on March 28, 2025, and prepared the following report.

The initial pretrial conference required under Fed. R. Civ. P. 16 and LR 16.2 is scheduled for April 10, 2025, before the United States Magistrate Judge David T. Schultz in Courtroom 9E, United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota.

Counsel have reviewed the amendments to the Federal Rules of Civil Procedure effective December 15, 2015, and are familiar with the amendments.

DESCRIPTION OF THE CASE

1. Concise factual summary of Plaintiff's claims: Plaintiffs McCoy and Johnson have brought a claim for violation of their Second Amendment rights due to Defendants failure to recognize the lawfully issued firearm permits from all other states. Plaintiffs are long-haul truck drivers who travel through Minnesota several times a year for work. But while in Minnesota they cannot exercise their Second Amendment right to bear arms for self-defense. To do so would subject them to criminal liability, and any criminal activity jeopardizes their security credentials and livelihood.

2. Concise factual summary of Defendant's claims/defenses: Defendant is Bob Jacobson, in his official capacity as Commissioner of Minnesota Department of Public Safety. Defendant has moved to dismiss, and in that motion raises arguments pertaining to standing, failure to state a claim, and Plaintiffs' failure to pass *Bruen*'s two-part test as grounds for dismissal. Should any part of Plaintiffs' complaint survive this motion, Defendant anticipates raising these and other defenses in his answer, and reserves his rights to assert the same in his answer.

3. Statement of jurisdiction (including statutory citations): This Court has jurisdiction under 28 U.S.C. §§ 1331, 1343, which confer original jurisdiction on federal district courts to hear suits alleging the violation of rights conferred by the United States Constitution.

4. Summary of factual stipulations or agreements: None at this time.

5. Statement of whether a jury trial has been timely demanded by any party: No jury trial has been demanded.

6. Statements as to whether the parties agree to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota, if applicable: The parties do not agree to resolve the matter under the Rules of Procedure for Expedited Trials for the United States District Court for the District of Minnesota.

PLEADINGS

Statement as to whether all process has been served, all pleadings filed and any plan for any party to amend pleadings or add additional parties to the action:

All process has been served. Plaintiffs' complaint has been filed. Defendant's answer has not been filed yet but is not yet due given the pendency of Defendant's motion to dismiss, (ECF 12). *See* Fed. R. Civ. P. 12(a)(4)(A) (tolling due date for answer during pendency of motion to dismiss). Defendant does not currently anticipate amending his answer, when filed, but respectfully reserves the right to do so as of right, *id.* 15(a)(1), as well as his right to amend with Plaintiffs' consent and/or leave of court, *id.* 15(a)(2). Defendant does not currently anticipate moving to add any additional parties to the action at this time but reserves his right to do so. Plaintiffs do not currently anticipate moving to add or substitute any additional parties to the action at this time, but they reserve their right to do so.

FACT DISCOVERY

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

1. The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before June 1, 2025.

2. The parties the parties do not currently anticipate completing any physical or mental examinations under Fed. R. Civ. P. 35.

3. The parties must commence fact discovery procedures in time to be completed by November 30, 2025.

4. The parties have discussed the scope of discovery, including relevance and proportionality, and propose that the Court limit the use and numbers of discovery procedures as follows:

    a. 25 interrogatoires;

    b. 25 document requests;

    c. 25 requests for admission;

    d. Two (2) factual depositions;

    e. Zero (0) Rule 35 medical examinations as the parties do not currently anticipate completing any physical or mental examinations under this rule; and

    f. no other discovery procedures at this time, though both parties reserve the right to seek such other procedures with court permission.

EXPERT DISCOVERY

1. The parties anticipate that they will require expert witnesses at the time of trial.

    a. Plaintiffs anticipate calling one (1) expert in the field of: Second Amendment history.

    b. Defendant anticipates calling two (2) experts in the fields of Second Amendment history and firearm safety.

3

2. The parties propose that the Court establish the following plan for expert discovery:

   a. Expert Disclosures

      (i) The identity of any expert whom the parties may call to testify at trial and the written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) and/or the disclosures required by Fed. R. Civ. P. 26(a)(2)(C) must be served on or before January 31, 2026.

      (ii) The identity of any rebuttal expert whom the parties may call to testify at trial and the written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) and/or the disclosures required by Fed. R. Civ. P. 26(a)(2)(C) must be served on or before February 28, 2026.

3. All expert discovery, including expert depositions, must be completed by April 30, 2026.

OTHER DISCOVERY ISSUES

1. Protective Order

The parties have discussed whether they believe that a protective order is necessary to govern discovery and jointly submit a proposed protective order. Local Rule 5.6 governs filing under seal. Therefore, any proposed protective order must include the following provisions: All counsel acknowledge they have reviewed Local Rule 5.6 which governs filing under seal, which procedures are incorporated herein by reference.

2. Discovery of Electronically Stored Information

The parties have discussed the scope of electronic discovery, including relevance and proportionality, and any issues about preserving electronic discovery. The parties have also discussed the form or forms in which electronic discovery should be produced. They inform the Court of the following agreements or issues:

The parties have not identified any disagreements and do not anticipate needing any agreements or protocols at this time, beyond those set forth in the accompanying proposed protective order.

3. Claims of Privilege or Protection

The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, as required by Fed. R. Civ. P. 26(f)(3)(D), including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evidence 502, and have included their agreements on these issues in the accompanying proposed protective order.

MOTION SCHEDULE

The parties propose the following deadlines for filing motions:

1. Motions seeking to join other parties must be filed and served by June 1, 2025.

2. Motions seeking to amend the pleadings must be filed and served by June 1, 2025, for the complaint; and September 1, 2025, for the answer.

4. Non-Dispositive Motions: filed and served by November 30, 2025.

    a. All non-dispositive motions relating to fact discovery must be filed and served by November 30, 2025.

    b. All other non-dispositive motions, including motions relating to expert discovery, must be filed and served by March 31, 2026.

5. Dispositive Motions. All dispositive motions must be served and filed by May 30, 2026.

TRIAL-READY DATE

1. The parties agree that the case will be ready for trial on or after September 30, 2026, or thirty (30) days after the Court renders its decision on any dispositive motions, whichever is later.

2. The anticipated length of the trial is four (4) days.

3. The parties propose that the final pretrial conference be held on or before September 20, 2026, or twenty (20) days after the Court renders its decision on any dispositive motions, whichever is later.

INSURANCE CARRIERS/INDEMNITORS

List all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured.

Defendant is self-insured. Plaintiff is self-insured.

SETTLEMENT

The parties will discuss settlement before or at the Rule 26(f) meet-and-confer and each party must mail a confidential letter setting forth what settlement discussions have taken place and whether the parties believe an early settlement conference would be productive.

On March 28, 2025 the parties discussed the possibility of settlement. The Second Amendment claim is a purely legal claim that hinges on historical analysis. Therefore, at this time the parties do not see a path towards settlement.

The parties propose that a settlement conference be scheduled to take place after December 31, 2025, and before January 31, 2026.

TRIAL BY MAGISTRATE JUDGE

The parties have not agreed to consent to jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c). If the parties agree to consent, they will file the Consent Form at the same time as the Rule 26(f) Report.

Respectfully submitted,

DATE: April 3, 2025

*/s/ Loren Seehase*
Loren A. Seehase (pro hac vice, #10414 HI)
Liberty Justice Center
7500 Rialto Boulevard, Suite 1-250
Austin, TX 78735
(512) 481-4400
lseehase@libertyjusticecenter.org

KELLY KEEGAN (#0386803)
Keegan Law Office
1622 West Lake Street
Minneapolis, MN 55408
(612) 584-3834 (Voice)

6

            kkeegan@keeganlawoffice.com

            ATTORNEYS FOR PLAINTIFFS

DATE: <u>April 3, 2025</u>      KEITH ELLISON
            Attorney General
            State of Minnesota

            *<u>/s/ Madeleine Demeules</u>*
            MADELEINE DEMEULES (#0402648)
            AMANDA PRUTZMAN (#0389267)
            Assistant Attorneys General

            445 Minnesota Street, Suite 600
            St. Paul, Minnesota 55101-2131
            (651) 300-6807 (Voice)
            (651) 282-5832 (Fax)
            Madeleine.DeMeules@ag.state.mn.us
            Amanda.Prutzman@ag.state.mn.us

            ATTORNEYS FOR DEFENDANT

|#6016754-v1